IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>TERRY TURNER,<br><br>*Defendant*. | Case No. 1:24-CR-26<br><br>Hon. Amit P. Mehta |

## <u>JOINT PRETRIAL STATEMENT</u>

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, and pursuant to the Court's Pretrial Order files this Joint Pretrial Statement including:

Appendix A: Joint Proposed Statement of the Case

Appendix B: Proposed Voir Dire Modifications

Appendix C: Proposed Jury Instructions*

Appendix D: Government's Witness List

Appendix E: Government's Exhibit List

Appendix F: No stipulations were reached between the parties so there is no list to include.

Appendix G: Proposed Verdict Form*

* Government notes that the final versions of these appendices have not yet been approved by defense counsel.

Respectfully submitted,

JEANINE FERRIS PIRRO
United States Attorney

By:      /s/ *Peter V. Roman*
Peter V. Roman

Assistant United States Attorney
D.C. Bar Number 984996
United States Attorney's Office
601 D Street, NW
Washington, DC  20530
Telephone: 202-252-7115
Email: peter.roman@usdoj.gov
Michael Barclay
Assistant United States Attorney

IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA | Case No. 1:24-CR-26 |
| v. | Hon. Amit P. Mehta |
| TERRY TURNER, | |
| *Defendant*. | |

**CONSENT PROTECTIVE ORDER GOVERNING PPMS MATERIALS**

To expedite the government's disclosure of any information related to administrative investigations and disciplinary proceedings by the Metropolitan Police Department ("MPD"), and to adequately protect witness privacy rights in such records, pursuant to the Court's authority under Fed. R. Crim. P. 16(d)(1), and with the consent of the parties, it is hereby **ORDERED**:

1.      **Materials Subject to this Order.**  Except as provided herein, this protective order ("Order") governs information related to MPD administrative investigations and disciplinary proceedings—including, but not limited to, information and source documents contained in or derived from MPD's Personnel Performance Management System ("PPMS") or the U.S. Attorney's Office's CADRPTS database—disclosed by the government at any stage of this case (hereinafter "PPMS materials").

2.      **Legal Defense Team.**  The "legal defense team" includes defense counsel (defined as counsel of record in this case, including any post-conviction or appellate counsel) and any attorneys, investigators, paralegals, support staff, and expert witnesses who are advising or assisting defense counsel in connection with this case.  The legal defense team shall not include the defendant or the defendant's family members, friends, or associates.

3.    **Limitations on Dissemination.**  Except as otherwise permitted by this Order, the legal defense team shall not disseminate PPMS materials directly or through any person or instrumentality to any person, entity, or public forum, other than members of the legal defense team.

4.    **Limitations on Use.**  Subject to the limitations contained in this Order and without further order of the Court, the defendant and the legal defense team may use PPMS materials in connection with: (A) this case, including and any post-conviction or appellate litigation; and (B) another criminal case in which defense counsel or another attorney on the legal defense team is representing a client, provided that the legal defense team in that case agrees to be bound by this Order, the dissemination of the PPMS materials in that case is consistent with this Order, and sufficient pretrial notice is given in the other case to permit the government to object to the use of the PPMS materials in that case.  The legal defense team may discuss PPMS materials with and defense counsel may authorize the viewing of PPMS materials by: (A) the defendant; and (B) other persons to whom this Court may authorize (hereinafter "court-authorized persons").

5.    **Limitations on Reproduction.**  Subject to the limitations contained in this Order, the legal defense team may physically or electronically reproduce PPMS materials as deemed necessary by defense counsel for use in connection with this case.  Any reproductions of PPMS materials authorized by defense counsel shall be treated in the same manner as the original PPMS materials.

6.    **Storage Requirements.**  The legal defense team shall store PPMS materials in a secure physical or electronic environment that limits access to members of the legal defense team. Defense counsel shall be responsible and accountable for maintaining, securing, and storing the

PPMS materials, including all reproductions thereof, and taking all necessary precautions to prevent unauthorized access.

7.     **Responsibility to Limit Disclosure of Sensitive Information.**[1]   If the legal defense team discusses PPMS materials with or defense counsel authorizes the viewing of PPMS materials by the defendant or a court-authorized person, the legal defense team shall ensure that neither the defendant nor any court-authorized person hears or views any portion of the PPMS materials that includes the following information:

    A.     the names or nicknames of civilians;

    B.     dates of birth;

    C.     social security or taxpayer identification numbers;

    D.     driver's license or non-driver's license identification card number;

    E.     home, work or school addresses;

    F.     telephone numbers, cellular numbers, or email addresses;

    G.     relatives, including names and contact information;

    H.     credit card, bank, debit, or other financial-account numbers; or

    I.     medical or mental health history information.

8.     **Responsibility to Prevent Reproduction During Viewing.**   If defense counsel authorizes the defendant or a court-authorized person to view PPMS materials, the legal defense team shall ensure that the defendant or such court-authorized person does not copy, photograph, take screenshots, or otherwise reproduce the PPMS materials.

---

[1] *Cf.* Fed. R. Crim. P. 49.1(a) (listing information that raises privacy concerns in public filings).

9. **Notifications Regarding this Order.** Defense counsel must provide members of the legal defense team, the defendant, and any other court-authorized person, with a copy of this Order before providing them with access to, or permitting them to view, PPMS materials.

10. **Disposition Following the Conclusion of this Criminal Case.** Defense counsel may retain a copy of the PPMS materials following the conclusion of this case. This Order shall remain in effect after the conclusion of this case and shall continue to govern the dissemination, use, reproduction, storage, and retention of PPMS materials disclosed in this case. Nothing in this Order prevents the government from seeking a court order requiring that the PPMS materials be returned or to further restrict the retention of PPMS materials, and nothing in this Order prevents defense counsel from seeking a court order allowing broader retention of the PPMS materials.

11. **Automatic Exclusions from this Order.** This Order does not apply to PPMS materials that are, or later become, part of the public record, including materials that have been received in evidence in this or other public trials, or materials that are publicly released by the U.S. Attorney's Office or the government of the District of Columbia, including the Metropolitan Police Department.

12. **Scope of this Order.** This Order does not prevent any party from objecting to the discovery or admission of PPMS materials that it otherwise believes to be improper. This Order also does not constitute a ruling on: (A) any potential objection to the discoverability or admissibility of PPMS materials; or (B) whether any particular PPMS material is properly discoverable or admissible. This Order is not intended to limit the use of PPMS materials in any judicial proceedings in this case.

13.     **Modification of this Order.**  Consent to this Order does not constitute a waiver or

otherwise prevent any party from seeking modification of this

Order. **SO ORDERED** this _____ day of _____, 2025.


_____
HONORABLE AMIT P. MEHTA
United States District Judge

5